THE STATE, EX REL. STARR PIANO CO., v. BEEBE, JUDGE.

*Bills of exceptions—Correcting and signing by trial judge—Section 11566, General Code—Mandamus.*

A writ of mandamus may issue to compel a trial court to correct and sign a bill of exceptions as provided by Section 11566, General Code.

(Decided December 16, 1921.)

IN MANDAMUS: Court of Appeals for Cuyahoga county.

*Messrs. Tolles, Hogsett, Ginn & Morley,* for relator.

*Mr. Samuel Doerfler,* for defendant.

BY THE COURT. This is an original action in mandamus. The relator, The Starr Piano Company, asked for an alternative writ commanding the defendant, William B. Beebe, judge of the municipal court of Cleveland, either to sign a bill of exceptions or to show cause why he should not sign such a bill. The cause was set down for hearing, after serving a copy of the petition upon the defendant, and at the hearing arguments were presented for and against the issuing of the writ; and we have come to our conclusion as to what ought to be done in the matter.

It seems that The Starr Piano Company was the defendant in an action in the municipal court, in which it was sued for a sum of money claimed to be due to a man by the name of Sam Woldman, and that in that action a judgment was rendered against it for $2,686.36, and a motion for a new trial overruled. The proceedings which followed will be discussed a little later.

At the trial of that action, present relator was represented by a man by the name of Wolfram, who is not a lawyer regularly practicing law, and Woldman was represented by Samuel Doerfler, who came in with a stenographer to take the testimony, which stenographer was in the employ of the plaintiff in that action, and the defendant did not join in paying the per diem of the stenographer, nor was he in any way working for The Starr Piano Company, and so at the conclusion of the case, and up to the rendition of the judgment, the defendant had no record that was taken by the stenographer in said case. After the motion for new trial was made, the defendant, The Starr Piano Company, seeing a necessity for having a lawyer who was actually engaged in the practice of law to take charge of its case, procured the firm of Tolles, Hogsett, Ginn & Morley, and of that firm Mr. Kinder, who represents the relator before this court, sought to get a copy of the record that was taken by the stenographer, and, of course, inasmuch as the stenographer had not been employed by the defendant, under the custom prevailing in the courts of Cuyahoga county, the relator was not entitled to the record without the consent of the other party, whereupon he sought to get the consent, but it was refused. Then, in order to perfect the error proceedings, Mr. Kinder procured the witnesses and the young man, Mr. Wolfram, who tried the case, and they told him of that testimony as best they could, from which statements together with the exhibits that had been introduced in evidence he made up a record which purported to show the ruling of the court upon the testimony and the exhibits, and presented the bill thus made in narrative form to the trial judge, whereupon the attorney of record for the plaintiff in the court be-

low was notified, and subsequently filed objections to the bill. The matter came on for hearing before the trial judge, Judge Beebe, and the court refused to sign or correct that bill or any other bill, because it did not contain all the evidence and because it was imperfect, whereupon the judge was asked to perfect the bill by making the necessary corrections, which the court refused to do, and for that reason defendant below asked for the testimony that was taken by the stenographer who was in the employ of the plaintiff. The court refused to compel the stenographer to produce the testimony, and he refused to correct and settle the bill of exceptions; neither the one presented to him or any other bill would he approve, correct or allow; whereupon this action was brought in mandamus to compel him to sign, settle and allow a bill of exceptions, and, if necessary for that purpose, to procure the transcript of testimony that was taken at the trial of the action in the municipal court.

Now with this state of facts the question is: Has this court the power to issue a writ of mandamus to compel the trial court to correct and sign a bill of exceptions?

We have had much authority shown us which is to the effect that a court is not compelled to prepare a bill of exceptions if a bill presented to it is not a true bill, and there is much authority to show that the court's refusal to sign the bill will not be controlled by a writ of mandamus from a higher court, but we think an examination of these authorities will show that most of them, if not all, were decided prior to the enactment of the present law governing the signing and allowing of bills of exceptions by trial judges. This law as enacted on Octo-

ber 22, 1902, is found in 96 Ohio Laws, page 16, so we can see that most of the authorities that have been cited to us were applicable to a different statute. The present statute, Section 11566, General Code, provides as follows:

"The trial judge or judges, upon the receipt of the bill shall indorse thereon the date it was received, and within five days thereafter correct it, if necessary, allow and sign such bill, and immediately transmit or cause it to be transmitted to the office of the clerk from whom it was received, with any amendment or objections thereto."

It will be noticed that this statute provides that it shall be mandatory on the trial judge to correct the bill if necessary. The preceding Section 11565 is as follows:

"On the filing of such bill of exceptions, the clerk forthwith shall notify the adverse party, or his attorney, of its filing. Within ten days after such notice, any adverse party may file in the case any objection or amendment he proposes to such bill, for its correction. On the expiration of the time fixed for the filing of objection or amendment by the adverse party, or within five days thereafter, or immediately on the filing of the bill if the consent of the adverse party to such transmission be endorsed thereon, the clerk shall transmit it, together with all objections and amendments, filed thereto, to the trial judge or judges."

Now it will be noticed that the first of these two sections, Section 11565, provides for the filing of objections and amendments by the adverse party, and the second, Section 11566, provides that it shall be the duty of the judge to settle or allow and correct such bill if there are objections or amendments filed

to it. ' This seems to impose a duty upon the judge to do something more than simply refuse to sign it if it is not correct as filed. It seems to impose upon him the duty to correct the bill of exceptions. Apparently the two sections contemplate that after the bill has been filed, and objections or amendments to it have been filed, there shall be a settlement by the court of what is a true bill, and that he shall then correct it in accordance with his findings and sign it.

Now, in the case at bar, a bill was filed. Amendments or objections were filed to it, because it didn't contain all the testimony and was incomplete, and was otherwise not correct. When this was done, it then became the duty of the court to determine what was the true bill and to correct it in accordance with that. The mere fact that the bill was in narrative form was no objection to it, and, if it was not correct, it was the duty of counsel to point out in what particular it was not correct, and of the court with the aid of counsel to formulate a bill of exceptions that did embody the testimony and the exceptions, so that the matter might be reviewed in the higher court, and we think it no longer tenable for a judge to refrain from signing a bill on the ground that it isn't true and thus deprive a person of the right which the constitution gives him to a review in a higher court.

It is argued in this case that that would compel the party who was foresighted enough to have a record taken to allow the other party to use the result of his foresightedness in procuring a record which the party needing the record had no part in making. We do not wish to establish the doctrine that a party can sit idly by and claim the right to use the record procured by the other party. We do not think that

the court would have the power or the right to compel the party who had the record to procure it for the benefit of his opponent, but we do conceive it to be the duty of the court who tries the case, when a situation arises such as arose in this case, to settle a bill of exceptions and correct it, so that the party may have the errors of which he complains reviewed by the reviewing court; and if it is necessary, in order to enable him to procure the necessary information, we think the court has the undoubted power and right, and perhaps it is his duty, to compel the stenographer to refresh his recollection and inform him of what the facts were in the record, and as to whether there were exceptions taken to them or not, so as to enable him to perform the duty which the statute imposes upon him; and we do not conceive that it will be at all necessary for the court to order the stenographer to make a transcript of the record, and from that a bill of exceptions, but we conceive it to be within the power of the court even to do that if he deems it necessary so to do.

It will be noted that the prayer of the petition in the instant case does not ask to have the bill which was presented to the trial court signed, but the prayer is to the effect that the court settle, allow, correct and sign *a* bill of exceptions; and we think from the record in this case the relator is entitled to the relief sought.

In this case it is not claimed by the relator that he desires his case to be reviewed on the weight of testimony, and therefore it will not be necessary to embody all of the testimony in the record. All he claims is enough of the testimony to make plain the errors complained of, and we conceive it to be the duty of the court, under the circumstances, to

correct the bill of exceptions so as to show these errors, and, after correction and allowance, to sign such a bill.

The demurrer will, therefore, be overruled, and defendant given leave to answer by the 3d of January, 1922.

*Decree accordingly.*

Vickery, P. J., Ingersoll and Sullivan, JJ., concur.