RICE, PLAINTIFF-APPELLEE, *v.* BROOKS,
DEFENDANT-APPELLANT.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 25631.   Decided December 7, 1961.

*Mr. Arthur T. Wincek,* for plaintiff-appellee.
*Mr. Curtis L. Smith,* for defendant-appellant.

HURD, J.   This is an appeal on questions of law from a judgment of the Cleveland Municipal Court wherein the court denied a motion by defendant-appellant for a release of at-

tachment and aid of execution and for an order staying proceedings in judgment.

We have before us a narrative bill of exceptions which contains the essential allegations of the petition of the plaintiff. and answer of the defendant, plus the addendum to the narrative bill of exceptions certified to by the trial judge. The evidence shows that a default judgment was rendered in favor of the plaintiff, William J. Rice, in the sum of $2500.00, the defendant, John L. Brooks, having filed a specific and general denial as his answer to the allegations of plaintiff's petition, but having failed to appear for trial. Instead he elected to file his petition in bankruptcy, listing the judgment in the schedule of debts. The time of the filing of the petition in bankruptcy is significant because the default judgment was allowed to be taken by defendant on the tenth day of June, 1959, and his petition in bankruptcy was filed on the 29th day of the same month, an elapsed time of only 19 days.

Thereafter, on the 23rd day of July, 1959, defendant filed his motion for release of the attachment and aid in execution based on the claim that plaintiff's judgment was discharged in the bankruptcy proceeding.

The court, in rendering its decision, stated that he clearly recalled the evidence introduced by plaintiff at the time of trial as a result of which the default judgment was rendered and that the evidence was as follows:

"That on July 20, 1958, at or about 3:30 A. M., the defendant drove his auto south on East 105th Street while in a state of intoxication, across the center line of East 105th Street, on the wrong side of the road, and struck plaintiff's vehicle which was parked at the east curb of East 105th Street while plaintiff was seated in his car; after striking plaintiff's automobile, the defendant speeded up his car and proceeded south until blocked by traffic at the light at Cedar Avenue. Plaintiff's passenger ran after defendant's car, apprehended him, and found the defendant in defendant's car in a state of intoxication; that the plaintiff was knocked unconscious when the defendant struck his car. The police arrived immediately, and placed defendant under arrest on the charge of intoxication; that defendant pleaded guilty to this charge. The court over-

ruled defendant's said motion on the authority of *Breeds* v. *McKinney*, 171 Ohio St., 336.''

The record shows further that the plaintiff filed his motion for leave to amend his pleading to conform to proof and for a nunc pro tunc entry to allow him to allege wilful, reckless and malicious, in addition to wanton, conduct by way of amend ment to his petition, which motion the court granted.

The defendant has assigned numerous grounds of error which may be condensed and summarized as follows:

1) That the trial judge was without jurisdiction to amend the narrative bill of exceptions to include the evidence adduced upon the hearing which had been omitted therefrom by the appellant.

2) That the trial judge erred in granting, after judgment, plaintiff's motion for leave to amend his pleadings to conform to proof.

3) That the trial judge erred in holding that the debt exemplified by the judgment was not dischargeable in bank-ruptcy.

Considering first the claim that the trial judge erred in amending the narrative bill of exceptions to set forth the evidence adduced upon the hearing at which the default judgment was entered, it is well settled that it is not only the right and authority of a trial judge to refresh his recollection and to amend the narrative bill of exceptions when presented to him for certification according to the evidence but that it is his duty so to do. This proposition was settled by the decision of the Supreme Court in *Beebe* v. *State, ex rel. The Starr Piano Co.*, 106 Ohio St., 75, 139 N. E., 156, which affirmed the decision of this court, reported in 15 Ohio App., 182.

The *Beebe case* is authority, inter alia, for the proposition that the trial judge, from his memory or from memoranda in his possession, may amend a narrative bill of exceptions to reflect correctly the evidence in the case. We hold, therefore, that the trial judge, having stated that he recalled the evidence at the trial, which was omitted from the narrative bill of exceptions presented to him, did not exceed his jurisdiction in correcting the same to reflect the evidence set forth in the addendum above quoted and this claim of error must be over-ruled.

Considering next the claim that the trial judge erred in granting a motion after judgment to conform the petition to the facts proved, Section 2309.58, Revised Code, provides in part:

"Before or after judgment, in furtherance of justice and on such terms as it deems proper, the court may amend any pleading, process, or proceeding, by adding or striking out the name of any party, or by correcting a mistake in the name of a party or a mistake in any other respect, or by inserting other allegations material to the case, or when the amendment does not substantially change the claim or defense, by conforming the pleading or proceeding to the facts proved."

We hold in this case that the evidence is such that the court did not err in allowing plaintiff's motion for leave to amend his petition to conform. to the evidence and that the court did not thereby permit a substantial change in the petition which had originally alleged wanton and careless conduct upon the part of the defendant in driving his car in an intoxicated condition in such a manner as to strike a standing car on the opposite side of the road.

In the case of *Cohen v. Bucey*, 158 Ohio St., 159, 107 N. E. (2d), 333, the second paragraph of the syllabus provides:

"2. An amendment of a petition alleging negligent injury of the plaintiff by the defendant by adding thereto allegations characterizing such injury as wilful or intentional does not have the effect of stating an additional cause of action, such amendment may be made in the interest of justice after the expiration of the time limited for the prosecution of such an action, and such amendment relates back to the time when the action was commenced."

The court having permitted an amendment to plaintiff's petition to conform the petition to the proof alleging wilful, reckless, and malicious conduct, in addition to wanton, the word "carelessness" following the rule stated in the case of *Breeds v. McKinney*, 171 Ohio St., 336, 170 N. E. (2d), 850, set forth in the petition, is to be considered merely as surplusage.

Coming now to a consideration of the question presented as to whether the debt contracted in this case, in view of the facts, is dischargeable in bankruptcy, it will be noted that the

trial judge relied on the case of *Breeds* v. *McKinney*, 171 Ohio St., 336, 170 N. E. (2d), 850. In the *Breeds case*, the record showed that the defendant operated his automobile while he was in a highly intoxicated condition and while under the influence of intoxicating liquors, carelessly, negligently, recklessly, wilfully and wantonly drove his automobile over and across the center lane of such highway while going at an illegal and unlawful speed, to-wit 70 miles per hour. In that case, the court quoted with approval part of the opinion of this court wherein it was held that the defendant's conduct was such that he may not sit idly by and permit a default judgment to be taken against him and then proceed to file a petition in bankduptcy for the purpose of discharging a debt "so wantonly, wilfully, maliciously and criminally incurred" and that a debt so incurred was not dischargeable in bankruptcy.

A reading of the bill of exceptions in the instant case clearly shows facts similar to those disclosed by the journal entry and pleadings in the *Breeds case*.

Quoting from the opinion of the Supreme Court in the *Breeds case*, at page 339, we find the following:

"How similar are the adjectives 'wanton' and 'malicious' in their connotation? In Webster's Dictionary one definition of 'maliciousness' is 'wantonness, or disregard of other's rights.' Likewise, one of its definitions of 'wanton' is 'malicious.'"

Considering the facts of the instant case, we note that the Supreme Court quoted with approval from 8 Remington on Bankruptcy (6 Ed.), 205, Section 3332, which had been quoted by this court, as follows:

"*Drunken driving*, if established, *gives rise to a nondischargeable liability for damage or injury chargeable to it*, and if it is accompanied by such other circumstances as high speed and *driving on the wrong side of the road*, the aggregate recklessness even more clearly amounts to willful and malicious misconduct. * * * But a default judgment expressly reciting that the defendant 'wantonly, willfully, and without regard to the safety of the plaintiff' did the act causing the injury may be regarded as conclusive."

Furthermore, under the facts and circumstances here pre-

582

sented, it is not necessary to prove special malice. See *Tinker v. Colwell*, 193 U. S., 473, 48 L. Ed., 754, 24 S. Ct., 505.

In view of the facts and the applicable law, we conclude that the defendant is not in a position to challenge the evidence set forth in the bill of exceptions or to complain of the action of the trial court when the defendant failed to appear at the trial but permitted a default judgment to be taken against him and proceeded promptly thereafter to file a petition in bankruptcy for the express purpose of discharging a debt which the facts show was wantonly, wilfully, maliciously and criminally incurred, which, under the doctrine in the *Breeds case, supra,* is not dischargeable in bankruptcy.

There being no other errors, the judgment of the trial court is affirmed.

Exceptions noted.

KOVACHY, P. J., SKEEL, J., concur.