WEAVER *v.* DEWITT.

[Cite as Weaver v. DeWitt, 9 Ohio Misc. 129.]

(No. 56038—Decided September 23, 1966.)

Common Pleas Court, Clark County.

*Messrs. Hackett & Malina,* for plaintiff.
*Messrs. Zimmerman & Zimmerman,* for defendant.

GOLDMAN, J. This matter is before the court on motion by the plaintiff for leave to amend his amended petition by adding the allegation that the defendant's conduct was also "wilful."

130

The pertinent facts are as follows:

On December 15, 1965, plaintiff was awarded a judgment in the sum of $100,000 by a jury following a trial. *Ten* jurors joined in signing the verdict.

The pleadings consisted of the amended petition of the plaintiff and a general denial by the defendant.

The subject matter of the trial was an automobile accident involving a vehicle driven by the defendant, in which the plaintiff admittedly was a guest.

The amended petition, after describing the accident, contained the following allegation:

"The above-described operation of his automobile by defendant constituted *wanton misconduct* towards the plaintiff, which *wanton misconduct* directly and proximately caused the injuries to the plaintiff." (Emphasis throughout this decision by the court.)

At a pretrial conference on October 25, 1963, the following were among the stipulations agreed to:

"2. It is agreed and stipulated that the issue of liability depends upon a finding that the defendant was guilty of *wanton misconduct* in the operation of his automobile.

"3. Plaintiff will contend that the defendant's conduct as described in plaintiff's petition amounted to *wanton misconduct*.

"4. Defendant will deny that he was guilty of *wanton misconduct*, but will claim only that he may have been guilty of ordinary negligence, and by reason thereof the plaintiff is not entitled to recover."

This court, in its instructions to the jury, which consisted of 24 typewritten pages, submitted the issue of liability to the jury solely on the question of *wanton misconduct*, defining the same to the jury without making any reference to "wilful misconduct."

Following its reading of the instructions, the court inquired of counsel whether there was anything further they wished the jury instructed upon, and counsel for each side indicated they had no such desire. After the jury had retired for its deliberations, they requested in writing as follows: "Definition of *wanton misconduct* redefined." Whereupon, in the presence of counsel and the jury, the court again defined "*wanton misconduct*."

No bill of exceptions has been prepared in this case, but the court, in refreshing its memory of the evidence, recalls that the charge of *wanton misconduct* was vigorously denied by defendant, and that no charge or claim of "wilful misconduct" as such was ever asserted against him. It should also be noted that the verdict of the jury with respect to its findings on any specific issue was never tested by interrogatories. Whether the jury would have found that the conduct of defendant constituted *wilful* as well as *wanton misconduct* is highly speculative and not at all certain. It should be re-emphasized that the verdict, which was based on *wanton misconduct* alone, was signed by less than the entire membership of the jury.

The guest statute, Section 4515.02, Revised Code, excuses liability on the part of the operator to his guest unless his injuries are caused by the wilful *or* wanton misconduct of such operator, etc. Obviously the two phrases are not synonymous. See 6 Ohio Jurisprudence 2d, pages 452-3-4, for a statement of what constitutes each. Attention is also directed to the case of *Reserve Trucking Company* v. *Fairchild,* 128 Ohio St. 519, in which the difference between the two phrases is stated, and the third paragraph of the syllabus of which is as follows:

"The terms 'wilful' and 'wanton' are not synonymous."

See also *Kellerman* v. *Durig Company,* 176 Ohio St., at page 323, in which this distinction is cited with approval.

Plaintiff, in his memorandum in support of his motion, cites *Rice* v. *Brook,* 87 Ohio Law Abs. 577, which apparently permitted an amendment somewhat similar to the one sought here, under the facts therein existing. However, there are important and significant distinctions between the fact patterns in that case and those in the instant case. In the cited case the guest statute was *not* involved, defendant being the operator of one vehicle and plaintiff the operator of another vehicle, and thus there was not the same need to consider whether there was any distinction between the concepts of "wilful" and "wanton" misconduct. Also in that case the defendant filed his answer, but allowed judgment to be taken by default, neither appearing nor testifying in the case, and the court there held that the testimony which it recalled did establish as a fact that the defendant was guilty of *wilful misconduct.*

In the instant case the guest statute *was* involved, and

plaintiff chose to assert liability against the defendant on the ground of *wanton misconduct*. The defendant denied this, and proceeded on the theory that he had to meet the charge of *wanton misconduct* only. The defendant was present at the trial with counsel; he gave testimony, and vigorously denied that he was guilty of *wanton misconduct*. Furthermore, as already noted, this court can not say, as did the court in the case cited, that the evidence established the existence of *wilful misconduct* as well as *wanton misconduct*.

Under the above circumstances, plaintiff's motion to amend, filed on August 15, 1966, and apparently in order to defeat defendant's discharge of his claim in bankruptcy (as appears from subsequent proceedings filed in this case) on the theory that plaintiff's injuries were the result of wilful misconduct or an intentional wrongdoing on the part of the defendant, does not seem to be warranted.

Plaintiff concededly suffered grave and serious damage and injury, as reflected in the size of the verdict rendered, and he has the full and complete sympathy of this court. Nevertheless, under the facts and circumstances cited above, it would be an abuse of discretion and clearly without legal warrant or right for this court at this stage of the proceedings to allow the amendment sought.

The motion to amend will therefore be overruled.

*Motion overruled.*